UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATILEE DAWKINS,

                          Plaintiff,

v.                                                    5:23-CV-1163
                                                      (GTS/MJK)
STATE UNIVERSITY OF NEW YORK AT
CORTLAND; and STEVE PATRICK,

                          Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

HARDING MAZZOTTI, LLP                        KELLY A. MAGNUSON, ESQ.
  Counsel for Plaintiff
P.O. Box 15141
1 Wall Street
Albany, NY 12212-5141

HON. LETITIA JAMES                           AIMEE COWAN, ESQ.
NEW YORK STATE ATTORNEY GENERAL              Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this civil rights action filed by Natilee Dawkins

("Plaintiff") against the State University of New York at Cortland ("SUNY Cortland") and Steve

Patrick (collectively "Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for

lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. No. 9.)  For the reasons set forth below,

Defendants' motion is granted in part and denied in part.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, in her Complaint, Plaintiff asserts three causes of action based in retaliation related to her reporting discriminatory treatment: one pursuant to Title VII; one pursuant to 42 U.S.C. § 1981; and one pursuant to the New York State Human Rights Law ("NYSHRL").  (Dkt. No. 1.)  Specifically, all of these claims are premised on Plaintiff's allegations that her employment as a First Assistant Track & Field Coach with Defendant SUNY Cortland was terminated in retaliation for reporting discriminatory treatment by Defendant Patrick throughout the course of her employment.  (*Id.*)  Specifically, Plaintiff alleges that (a) she made multiple reports to Human Resources about Defendant Patrick's conduct, including most recently on November 2, 2020, (b) this led to a conversation between Plaintiff and Defendant SUNY Cortland's Affirmative Action Officer on November 6, 2020, (c) after that conversation, Defendant Patrick removed her from meetings and discussions related to the track team, ignored Plaintiff and treated her as if she was not a member of the staff, increased her workload, and gave her a poor performance review in May 2021, and (d) she was notified in June 2021 that her contract was not being renewed and she would not be returning for the September 2022 academic year.  (*Id.*)

### B.      Parties' Briefing on Defendants' Motion to Dismiss

#### 1.      Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants make four arguments.  (Dkt. No. 9, Attach. 3.)  First, Defendants argue that any incidents Plaintiff has included in her Complaint related to her Title VII claims that occurred before August 4, 2021, are time-barred because they

occurred more than 300 days before when she filed a charge with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 9-14.)  Defendants further argue that the discrete nature of the actions alleged precludes any application of the continuing violation doctrine to make earlier actions timely.  (*Id.*)

Second, Defendants argue that, if any of portion of Plaintiff's Title VII claim is timely, such claim must be dismissed as to Defendant Patrick because Title VII does not permit liability against individuals.  (*Id.* at 14-15.)

Third, Defendants argue that Plaintiff's retaliation claim pursuant to 42 U.S.C. § 1981 must be dismissed because (a) that section does not provide a separate cause of action against state actors and allegations that a state actor has violated that section must be instead brought under 42 U.S.C. § 1983 ("Section 1983"), and (b) even if Plaintiff's claim is construed as being brought under Section 1983, she cannot assert a viable claim because Defendant SUNY Cortland is not a "person" within the meaning of Section 1983.  (*Id.* at 15-16.)

Fourth, Defendants argue that Plaintiff's retaliation claim pursuant to the NYSHRL also must be dismissed for the following reasons: (a) the Eleventh Amendment bars Plaintiff's claims against Defendant SUNY Cortland (and Defendant Patrick to the extent he is sued in his official capacity) under that provision given that SUNY Cortland is a state agency and the state has not waived its immunity for such claims; and (b) as to Defendant Patrick in his individual capacity, he is not an "employer" as required by N.Y. Exec. L. § 296, and Plaintiff cannot plausibly allege aider/abettor liability where, as here, she is unable to plausibly allege that Defendant SUNY Cortland, as the employer, was liable for any discriminatory practice because of the applicability of the Eleventh Amendment.  (*Id.* at 16-18.)

3

### 2.       Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff makes five arguments.  (Dkt. No. 14.)  First, Plaintiff argues that, contrary to Defendants' speculation, she did not assert any claims of hostile work environment or discrimination, only retaliation, and therefore Defendants' discussion of any such claims and the applicability to them of the continuing violation doctrine are moot.  (*Id.* at 6-7.)

Second, Plaintiff concedes that her Title VII claim was brought only against Defendant SUNY Cortland, not Defendant Patrick, because Title VII does not permit individual liability.  (*Id.* at 7.)

Third, Plaintiff concedes that her second claim of retaliation was erroneously asserted pursuant to Section 1981 rather than the more proper Section 1983, and states that she intends to seek permission to file an Amended Complaint correcting that error.  (*Id.*)

Fourth, Plaintiff concedes that the Eleventh Amendment would bar her claim against Defendant SUNY Cortland pursuant to the NYSHRL and argues that this claim was intended to be asserted against Defendant Patrick only.  (*Id.* at 7-8.)

Fifth, Plaintiff argues that, as to the NYSHRL claim against Defendant Patrick, Defendants have acknowledged that there is a dispute between various courts within the Second Circuit as to whether sovereign immunity of the employer entity would preclude an aider/abettor claim against an individual employee.  (*Id.* at 8-9.)

### 3.       Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants make four arguments.  (Dkt. No. 15.)  First, Defendants argue that Plaintiff has failed to oppose their argument that most of

the actions underlying her Title VII retaliation claim are untimely and therefore any such portions of that claim should be deemed to have been abandoned.  (*Id.* at 4-5.)

Second, Defendants argue that the Title VII claim against Defendant Patrick must be dismissed because Plaintiff has conceded that she did not intend to assert such a claim. (*Id.* at 5.)

Third, Defendants argue that Plaintiff's retaliation claim pursuant to Section 1981 should be dismissed because she has admitted that is not the proper statute and has failed to oppose Defendants' argument that her claim would not be viable even were it properly asserted under Section 1983.  (*Id.* at 5.)

Fourth, as to Plaintiff's claim under the NYSHRL, Defendants argue that (a) Plaintiff has conceded that sovereign immunity bars that claim against Defendant SUNY Cortland, (b) she has failed to respond to Defendants' arguments as to whether this claim was asserted against Defendant Patrick in his official capacity and that Defendant Patrick cannot be considered an employer for the purposes of the statute, and (c) Plaintiff's citation to a single case notwithstanding, many courts within the Second Circuit have held that "'the liability of an employer must be established as a predicate to individual liability for aiding and abetting' under § 296(6)" and thus Plaintiff's claim under the NYSHRL against Defendant Patrick in his individual capacity cannot succeed as a matter of law as a result of Defendant SUNY Cortland being shielded from liability by the Eleventh Amendment.  (*Id.* at 6-7.)

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

It is a fundamental precept that federal courts are courts of limited jurisdiction.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be

properly dismissed for lack of subject-matter jurisdiction where a district court lacks

constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.

2000). A district court may look to evidence outside of the pleadings when resolving a motion to

dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears

the burden of proving subject-matter jurisdiction by a preponderance of the evidence.

*Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a

court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must

be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp.*

*Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova,* 201 F.3d at 113).

###### B.    Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204,

211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo*

review).

Because such dismissals are often based on the first ground, some elaboration regarding

that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement

to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

        As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted).  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.

8

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

## III.   ANALYSIS

### A.   Whether Portions of Plaintiff's Title VII Claims Are Time-Barred

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law.  *See, supra,* Parts I.B.1 and I.B.3 of this Decision and Order.  To those reasons, the Court adds the following analysis.

"A Title VII claim is time-barred if it is not filed 'with the [Equal Employment Opportunity Commission ("EEOC")] within 180 [days] or, in states like New York that have local administrative mechanisms for pursuing discrimination claims, 300 days after the alleged unlawful employment practice occurred.'" *Freud v. New York City Dep't of Educ.*, 22-879, 2023 3103588, at *1 (2d Cir. Apr. 27, 2023) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 [2d Cir. 2015]) (alterations in original).

In her Complaint, Plaintiff alleges that she filed a charge with the EEOC on May 31, 2022, and was provided with a right-to-sue notice on June 13, 2023.  (Dkt. No. 1, at ¶¶ 6-7.) Based on her filing date, only actions that took place after August 4, 2021 (which is 300 days

before the date Plaintiff filed her EEOC charge) would be timely as to her Title VII retaliation claim.  However, as Defendants argue, nearly all of the allegedly retaliatory actions took place before that date.  Notably, she was informed in June 2021 that her contract was not being renewed for the following academic year.  (Dkt. No. 1, at ¶ 58.)  Although her allegations indicate that she continued to work remotely until September 16, 2022, it is inescapable that she was aware of the adverse action being taken against her two months before August 4, 2021, regardless of when her last date of work actually occurred.  *See Pinero v. Long Island State Veterans Home*, 375 F. Supp. 2d 162, 168 (E.D.N.Y. 2005) (finding termination was not causally connected to protected activity where, although the plaintiff's employment did not terminate until after she filed an administrative complaint, she had been informed that her contract would not be renewed before she filed that complaint and therefore the decision to terminate her employment had occurred before she engaged in the protected activity); *accord Tsanganea v. City Univ. of New York*, 06-CV-15366, 2008 WL 4054426, at *7 (S.D.N.Y. Aug. 28, 2008).  The date that Plaintiff actually suffered the relevant adverse action is therefore the date she was informed that her contract was not being renewed, not her final day of employment.

Plaintiff notably does not make any response to Defendants' arguments regarding the time-barred nature of her Title VII claim.  (Dkt. No. 14, at 6-7.)  "In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess[es] facial merit, which has appropriately been characterized as a 'modest burden.'"  *Toadflax Nursery, LLC v. Cnty. of Washington*, 20-CV-1620, 2024 WL 2722552, at *4 (N.D.N.Y. May 28, 2024) (Suddaby, J.) (quoting *Johnson v.*

10

*Lew*, 13-CV-1072, 2015 WL 4496363, at *5 & n.6 [N.D.N.Y. July 23, 2015] [Suddaby, J.]);
N.D.N.Y. L.R. 7.1(a)(3).  Because Defendants' argument on this matter possesses more than
mere facial merit and is indeed substantiated by Plaintiff's own allegations, the Court finds that
the majority of the alleged basis for Plaintiff's Title VII claim is time-barred.

To the extent that there may be alleged unlawful employment practices that occurred
during the relevant 300-day period, the Court notes that any Title VII claim that was asserted
against Defendant Patrick must be dismissed because Title VII does not provide for individual
liability.  *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (quoting *Wrighten v. Glowski*, 232
F.3d 119, 120 [2d Cir. 2000]); *see also Sears-Barnett v. Syracuse Cmty. Health Ctr., Inc.*, 531 F.
Supp. 3d 522, 535 (N.D.N.Y. 2021) ("The Second Circuit has left no doubt that 'individuals are
not subject to liability under Title VII.'") (quoting *Sassaman v. Gamache*, 566 F.3d 307, 215 [2d
Cir. 2009]).

As to any remaining claim against Defendant SUNY Cortland, the only potentially
retaliatory action alleged that appears to occur within 300 days of when Plaintiff filed her EEOC
charge is her allegation that, following the notice of non-renewal in June 2021, she was given the
option to work remotely and that Defendant Patrick "immediately began to utilize the
opportunity to completely detach her from the team and coaching events."  (Dkt. No. 1, at ¶¶ 58-
60.)  However, these allegations cannot be considered timely because they plausibly suggest
that, although some adverse action may have continued after August 4, 2021, it had begun before
that date (when she was given the option to work remotely in June 2021) based on her indication
that conduct began "immediately" after she started to work from home.  In any event, even to the
extent these allegations could be considered timely, they do not plausibly suggest adverse action

11

that "could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024) (quoting *Vega*, 801 F.3d at 90).  "The standard for evaluating the materiality of an action alleged to be adverse is objective, but 'context matters,'" and "[a]n act that would be immaterial in some situations is material in others.'" *Gunning v. New York State Justice Ctr. For Protection of People with Disabilities*, 19-CV-1446, 2020 WL 5203673, at *7 (N.D.N.Y. Sept. 1, 2020) (Sharpe, J.) (quoting *Hicks v. Baines*, 593 F.3d 159, 165 [2d Cir. 2010]).  Indeed, by the very nature of Plaintiff's own allegations, the relevant detachment from the team and coaching events did not start until after she had already been informed in June 2021 that her contract was not renewed; reasonable workers would hardly be dissuaded by the relevant conduct from expressing their thoughts about discriminatory or retaliatory conduct after their term of employment has already been given an end date.

For the above reasons, the Court grants Defendants' motion as to Plaintiff's Title VII retaliation claim and dismisses that claim as to all Defendants.

**B.     Whether Plaintiff's Claim Pursuant to Section 1981 Should Be Dismissed**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law.  *See, supra,* Parts I.B.1 and I.B.3. of this Decision and Order.  To those reasons, the Court adds the following analysis.

Plaintiff has conceded that she intended to file her second retaliation claim pursuant to 42 U.S.C. § 1983 rather than 42 U.S.C. § 1981, and that it is the former that is the appropriate vehicle for suing the relevant Defendants.  (Dkt. No. 14, at 7.)  Because Section 1981 does not provide a remedy to Plaintiff under the circumstances presented, the claims brought pursuant to

Section 1981 must be dismissed.[1]  *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir.

2018) (holding that "§ 1981 does not provide a separate private right of action against state

actors" and that "'the express cause of action for damages created by § 1983 constitutes the

*exclusive federal remedy* for violation of the rights guaranteed in § 1981 by state governmental

units'") (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 [1989]) (alteration in

original).  However, because Plaintiff has expressed that she will seek leave of this Court to

amend her Complaint to remedy this error, the Court must determine whether any such

amendment would be futile (particularly given that Defendants have argued that such claim

would not be legally viable even under Section 1983).

Section 1983 states that "[e]very person who, under the color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress."  42 U.S.C. § 1983.  As discussed above, Defendants argue that, even

---

[1]     The Court notes that Plaintiff asserted this Section 1981 claim against "all defendants,"
but it is unclear, to the extent that Plaintiff intended to assert this claim against Defendant
Patrick, whether such claim was brought against him in his official capacity or individual
capacity, or both.  (Dkt. No. 1, at 11.)  It has been suggested by at least one case in this District
that Section 1981 does not provide a private cause of action for claims against employees of state
actors, even when brought against those employees in their individual capacities.  *Peck v. Cnty.
of Onondaga*, 21-CV-0651, 2021 WL 3710546, at *7 (N.D.N.Y. Aug. 20, 2021) (Hurd, J.)
(citing *Duplan v. City of New York*, 888 F.3d 612, 621 [2d Cir. 2018]; *Gonzalez v. City of New
York*, 377 F. Supp. 3d 273, 284-85 [S.D.N.Y. 2019]).  Moreover, Plaintiff has conceded that she
intended to file these claims as arising under Section 1983 rather than Section 1981 and will seek
leave to amend her Complaint to properly assert such claim.  (Dkt. No. 14, at 7.)  Therefore, to
the extent that any Section 1981 claim could be viable against Defendant Patrick in his
individual capacity, Plaintiff has abandoned that claim.

properly brought under Section 1983, Plaintiff's claim is not viable as to Defendant SUNY

Cortland because a state agency is not a "person" within the meaning of that statute.  (Dkt. No. 9,

Attach. 3, at 16 n.2.)   The Supreme Court has indeed held that "neither a State nor its officials

acting in their official capacities are 'persons' under § 1983," such that no claim can lie against a

state defendant under that statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

(1989).

   The State University of New York has routinely been found to be an aspect of the state

and therefore also not a "person" for the purposes of Section 1983.  *See, e.g., Laftavi v. State

Univ. of New York*, 22-CV-6002, 2022 WL 13947916, at *3 (W.D.N.Y. Oct. 24, 2022) (finding

Section 1983 claim could not proceed against SUNY because it "is not a 'person' subject to suit

under Section 1983") (citing *Wiley v. Plattsburgh*, 407 F. Supp. 3d 119, 127 [N.D.N.Y. 2019]

[Sharpe, J.]).  As a result, even had Plaintiff brought this claim under Section 1983 rather than

Section 1981, it would be dismissed as a matter of law as against Defendant SUNY Cortland and

Defendant Patrick to the extent he is sued in his official capacity.

   However, to the extent Plaintiff has intended to sue Defendant Patrick in his individual

capacity pursuant to Section 1983, such logic does not apply.  It is not wholly clear whether

Plaintiff has intended to assert such a claim or not.  To the extent that she did, the Court will

allow her to seek permission to amend the Complaint to do so.

   For the above reasons, Plaintiff's retaliation claim pursuant to Section 1981 is dismissed.

C.    **Whether Plaintiff's Claim Pursuant to the NYSHRL Should Be Dismissed**

   After careful consideration, the Court answers this question in the affirmative as to

Defendant SUNY Cortland and Defendant Patrick in his official capacity based on Plaintiff's

concession that such claim is not proper, but in the negative as to Defendant Patrick in his individual capacity for the reasons stated in Plaintiff's opposition memorandum of law. *See, supra,* Part I.B.2 of this Decision and Order. To those reasons, the Court adds the following analysis.

Plaintiff concedes that, to the extent this claim was asserted against Defendant SUNY Cortland, that claim must be dismissed because Defendant SUNY Cortland is shielded by sovereign immunity. Such immunity would also apply to any claim pursuant to the NYSDHR asserted against Defendant Patrick in his official capacity. *See Cox v. (DOCCS) NYS Dep't of Corrs.*, 673 F. Supp. 3d 174, 184 (N.D.N.Y. 2023) (Sharpe, J.) ("The Eleventh Amendment also bars suits for damages against state officials acting in their official capacities.") (citing *Kentucky v. Graham*, 473 U.S. 159, 169 [1985]). This analysis will therefore focus on Plaintiff's remaining claim against Defendant Patrick in his individual capacity.

Under the NYSHRL, an individual can be held liable either as an employer who has "an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by others," or as an aider and abettor "if they personally participate in the conduct giving rise to a discrimination claim." *Peck v. Cnty. of Onondaga, New York*, 21-CV-0651, 2021 WL 3710546, at *13 (N.D.N.Y. Aug. 20, 2021) (Hurd, J.) (quoting *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 57 [2d Cir. 2012]; *Feingold v. New York*, 366 F.3d 138, 158-59 [2d Cir. 2004]). "[A] coworker cannot aid and abet the employer if the employer itself cannot be held liable." *Peck*, 2021 WL 3710546, at *14 (citing *Jain v. McGraw-Hill Cos., Inc.*, 827 F. Supp. 2d 272, 277 [S.D.N.Y. 2011]).

15

Courts within this circuit are split on the question of whether a finding that sovereign immunity bars a claim against a plaintiff's employer would also mean that an individual cannot be held liable as an aider or abettor of that state employer's conduct. *Compare Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) (finding plaintiff could not state a claim against individual as an aider/abettor where claims against the state defendant employer were barred by the Eleventh Amendment) and *Wiley*, 407 F. Supp. 3d at 126-27 (finding that, because the primary NYSHRL claim against the employer was dismissed on the basis of sovereign immunity, the individual defendant could not be liable for aiding and abetting) *with Huffman v. Brooklyn Coll.*, 20-CV-6156, 2022 WL 43766, at *3 (E.D.N.Y. Jan. 5, 2022) (finding that, while sovereign immunity bars recovery, "it does not extinguish predicate liability on the merits," and therefore did not pose as an absolute barrier to an aider/abettor claim against an individual employee) *and Tromblee v. New York*, 19-CV-0638, 2021 WL 981847, at *16-17 (N.D.N.Y. Mar. 16, 2021) (Kahn, J.) (finding that, because an assessment that a state employer is shielded by sovereign immunity does not include a finding that such employer did not commit a violation of the statute, sovereign immunity does not bar claims against individuals under an aider/abettor theory); *see also Bonaffini v. City Univ. of New York*, 20-CV-5118, 2021 WL 2895688, at *3 (E.D.N.Y. July 9, 2021) (collecting cases for both positions but ultimately concluding that sovereign immunity does not preclude an aider/abettor claim against an individual).

The Court finds the logic outlined in *Tromblee* and *Bonaffini* to be the more persuasive stance on this issue. Although the Second Circuit has not directly addressed this particular point of law, it has stated in a different context that "the Eleventh Amendment 'goes to the jurisdiction of the federal court, as opposed to the underlying liability of the State or state entity.'" *Nat'l*

*Assoc. for the Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019)

(quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 150 [1993]

[dissenting opinion]; citing *Puerto Rico Aqueduct  Sewer Auth.*, 506 U.S. at 144 [majority

opinion]).[2]  A plaintiff could prove through evidence that a state employer engaged in conduct

that violates the NYHRL even if it cannot sue or recover against that employer because of the

applicability of sovereign immunity, and nothing would logically prevent a court from assessing

the facts related to the employer's liability for a claim asserted against a party over whom it has

jurisdiction merely because the state employer itself is shielded from suit related to that conduct.

An assessment that a state actor is factually liable (in the sense that the evidence sufficiently

shows it committed some violation) is not the same as an imposition of legal liability on that

state actor.  Notably, allowing Plaintiff to pursue a claim against Defendant Patrick under an

aider/abettor theory in no way requires Defendant SUNY Cortland's continued participation in

this action, and a finding that Defendant SUNY Cortland committed acts that violate the

NYSHRL would in no way subject it to an adverse judgment; such a finding would only affect

whether Plaintiff could recover from Defendant Patrick as an individual.

The Court recognizes that other recent decisions within this District, as cited by

Defendants in their reply memorandum of law, have reached the opposite conclusion.  However,

unlike the fulsome explanation of the conclusion reached in *Tromblee* and *Bonaffini*, those other

---

[2]    The Court notes that the Second Circuit has also recognized that it is an open issue whether Eleventh Amendment immunity should be treated as depriving a court of subject-matter jurisdiction or as providing a defendant with an affirmative defense for the purposes of assessing whether any dismissal on that basis is pursuant to Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6).  *See Allco Fin. Ltd. v. Roisman*, 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023) (summary order).

cases from this District do not address the split of opinion on this issue, and they resolve the issue with citations to district court opinions that also do not address (or even mention) that split or provide any sort of thorough analysis in support of their conclusion. *See Matsko v. New York,* 18-CV-0857, 2022 WL 137724, at *13 (N.D.N.Y. Jan. 14, 2022) (D'Agostino, J.); *Doe v. NYS Off. of Children and Family Servs.*, 20-CV-1195, 2021 WL 2826457, at *13 (N.D.N.Y. July 7, 2021) (Sannes, J.); *Wiley*, 407 F. Supp. 3d at 126-27. The Court therefore respectfully disagrees with those cases.

Because Defendants have not argued that Plaintiff has failed to state an aider/abettor claim against Defendant Patrick in his individual capacity except as related to the fact that Defendant SUNY Cortland is entitled to sovereign immunity, the Court declines to assess the merits of Plaintiff's allegations *sua sponte* on the current motion other than to note that Plaintiff has alleged facts related to conduct by both Defendant Patrick and other members of the staff of SUNY Cortland, including an allegation that, despite knowing of her complaints regarding Defendant Patrick's treatment of her, Defendant SUNY Cortland "permitted [Defendant] Patrick to terminate Plaintiff with no basis other than his retaliatory animus." (Dkt. No. 1, at ¶ 58.)

For the above reasons, the Court grants Defendants' motion to dismiss Plaintiff's retaliation claim pursuant to the NYSHRL against Defendant SUNY Cortland and Defendant Patrick in his official capacity, but denies that motion as to that claim against Defendant Patrick in his individual capacity.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 9) is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part**, such that Plaintiff's claims of retaliation pursuant to Title VII and 42 U.S.C. §

1981 against both Defendants and her claims of retaliation pursuant to the NYSHRL against Defendant SUNY Cortland and Defendant Patrick in his official capacity are **<u>DISMISSED</u>**, but her claim for retaliation pursuant to the NYSHRL against Defendant Patrick in his individual capacity **<u>SURVIVES</u>** this Decision and Order; and it is further

      **ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff is permitted to file a motion seeking leave to amend her Complaint regarding a claim of retaliation against Defendant Patrick in his individual capacity pursuant to 42 U.S.C. § 1983.

Dated: July 11, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge